**Jian Long LEE, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto**

R. Gonzales,[1] Respondent.

No. 04–0661–AG.

United States Court of Appeals,
Second Circuit.

Dec. 5, 2005.

Bruno Joseph Bembi, New York, New York, for Petitioner.

David Nahmias, United States Attorney for the Northern District of Georgia, Stephen H. McClain, Assistant United States Attorney Atlanta, Georgia, for Respondent.

PRESENT: STRAUB, SACK, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

In October 1994, Jian Long Lee, a native and resident of China, filed an application for asylum, withholding of removal and CAT relief. In his application, Lee stated that his asylum request was based upon past persecution by the Chinese Government under the birth control policy.

Where the BIA "adopts the decision of the IJ and merely supplements the IJ's decision ... we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review factual findings under the substantial evidence standard, *see id.*, and must treat those findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). We afford particular deference to an IJ's credibility determinations, *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004), but the IJ must "give specific, cogent reasons for rejecting the petitioner's testimony, and we will reverse where the adverse credibility determination is based upon speculation or upon an incorrect analysis of the testimony." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004) (internal quotation omitted).

In this case, Lee's testimony was internally inconsistent, contradicted by documentary evidence, including medical reports and letters from his wife, and

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

incongruous with both of his asylum applications. Among other things: (1) Lee's claim that his wife was required to report for an abortion prior to the birth of their second child was not supported by letters provided by his wife, who never mentioned such an incident; (2) Lee failed to give a consistent version of events regarding whether or not he went into hiding after his wife failed to have an abortion; (3) his testimony that his wife was scheduled for a sterilization immediately after she delivered their child on September 2, 1994, directly conflicted with his wife's statement that she was scheduled for sterilization on September 11, 1994; (4) documentary evidence and hospital records contradicted his account of how and where his second child was born; (5) he failed to provide a consistent narrative regarding how he was notified of his sterilization appointment and the amount of time he was given to report for the procedure; (6) he failed to give a plausible explanation for inconsistent testimony on the fines imposed upon him; and (7) although he claimed that his second child's birth adversely affected his employment, he failed to explain away discrepancies concerning when he left his job and the alleged cuts in his salary. We cannot say that the IJ's finding that the inconsistencies and implausibilities were material and central to Lee's claim was unreasonable, and the finding of an adverse credibility determination is supported by substantial evidence.

Lee also claims that the IJ and the BIA failed to consider his CAT claim, but he never raised a CAT claim at the administrative level and so failed to exhaust it. A petitioner must raise issues to the BIA in order to preserve them for judicial review. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).